IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLAKE WILLIAMS,<br><br>　　　　Plaintiff<br><br>v.<br><br>HEATHER HASENMYER,<br>TIFFANY WOODFAULK and<br>TABITHA SMITH,<br><br>　　　　Defendants | Case No. 22-cv-174-JAR |

## COMPLAINT

COMES NOW the Plaintiff, Blake Williams, and for his causes of action against Defendants Heather Hasenmyer, Tiffany Woodfaulk and Tabitha Smith hereby alleges the following:

1.　　Plaintiff Blake Williams is a resident of Cleveland County, Oklahoma, but was incarcerated and housed by the Department of Corrections at the Jess Dunn Correctional Center at the time of the incident hereinafter described.

2.　　Defendant Heather Hasenmyer was, at all times relevant hereto, a medical provider at the Jess Dunn facility acting under the color of state law.

3.　　Defendant Hasenmyer engaged in the conduct complained of under color of law and within the scope of her employment as a medical provider at the Jess Dunn Correctional Center.

4.　　Defendant Woodfaulk was, at all times relevant hereto, a medical provider

and/or medical coordinator at the Jess Dunn Correctional Center.

5. At the time of the incident, Defendant Woodfaulk engaged in the conduct complained of under color of law and within the scope of her employment as a medical provider for the Jess Dunn Correctional Center.

6. Defendant Smith was, at all times relevant hereto, a medical provider and/or medical coordinator at the Jess Dunn Correctional Center.

7. At the time of the incident, Defendant Smith engaged in the conduct complained of under color of law and within the scope of her employment as a medical provider for the Jess Dunn Correctional Center.

## JURISDICTION AND VENUE

Plaintiff incorporates all previous allegations and statements and further alleges the following:

8. This action arises from intentional and/or gross negligence or reckless acts that occurred in Muskogee County, Oklahoma.

9. At all material times herein, the Defendants, Heather Hasenmyer, Tiffany Woodfaulk and Tabitha Smith, were acting within the scope of their employment and authority as medical providers and/or coordinators of the Jess Dunn Correctional Center.

10. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over the parties hereto, jurisdiction over the subject matter hereof, and venue is proper.

## **FACTUAL BACKGROUND**

Plaintiff further incorporates all previous allegations and statements and further alleges the following:

11. On or about November 6, 2020, Plaintiff Blake Williams injured his arm while performing work on behalf of the facility.

12. On that same date, Plaintiff Williams filled out a request for health services and stated "I snapped the tendon in my left arm doing work in visitation."

13. Defendant Hasenmyer, upon information and belief, was assigned to be the attending physician and/or provider over Plaintiff Williams' injury on or about that same date.

14. On or about November 6, 2020, Defendant Hasenmyer acknowledged that an MRI was necessary to evaluate the extent of the injury.

15. On or about November 12, 2020, Plaintiff Williams again had to fill out another request for health services stating "I ripped my bicep and I am in a lot of pain." Additionally, the pain medication for his arm injury had already run out and had not been renewed.

16. Records indicated that the provider, who upon information and belief is Defendant Hasenmyer, was provided this second request on or about November 13, 2020.

17. On or about November 6, 2020, Defendant Woodfaulk was also involved as a medical provider to coordinate the care of Plaintiff Williams.

18.  A torn bicep is a serious medical need that requires timely surgical intervention.

19.  On or about December 2, 2020, nearly one month after the injury, Plaintiff Williams was finally transferred to St. John Medical Center where an MRI confirmed that Plaintiff Williams had a torn bicep tendon with retraction.

20.  On or about December 2, 2020, Defendant Hasenmyer subjectively acknowledged and wrote in her notes that further delay regarding the care of Plaintiff Williams' bicep could cause an adverse outcome.

21.  An adverse outcome regarding a delay in evaluating and repairing a torn bicep can include permanent and irreversible damage to the individual's arm. This adverse possibility is known to medical providers, including the known providers who had the duty of coordinating and ensuring appropriate and timely care, which record indicate are Defendants Hasenmyer, Woodfaulk and Smith.

22.  The records do not indicate any effort by Defendants Hasenmyer or Defendant Woodfaulk. to insure the MRI was completed prior to December 2, 2022.

23.  On December 8, 2020, after another six-day delay, Dr. Richard Greisman reviewed Plaintiff Williams' MRI results and expressly stated in a report that Plaintiff Williams needed to be transferred to his facility the next week for surgery or any further delay would require referral to an upper extremity specialist at the University of Oklahoma Medical Center.

24. Dr. Greisman's report highlighted the serious medical need and the reasons why immediate intervention was necessary and required.

25. This report was transferred to the Jess Dunn facility and confirmed received by Defendant Tabitha Smith.

26. The records do not indicate whether Tabitha Smith made any effort to timely coordinate Dr. Greisman's request for transferring within the week.

27. Defendant Smith's role as a medical provider, upon receipt and review of Dr. Greisman's report, would have subjective knowledge of Plaintiff's serious medical need and need for intervention within the week.

28. Dr. Greisman's report would have been reviewed and/or able to be reviewed by providers Hasenmyer and Woodfaulk.

29. The records do not indicate that Defendants Hasenmyer, Woodfaulk or Smith made any effort to coordinate transfer to Dr. Greisman's facility for the required surgical intervention as recommended within one week of the report.

30. This further delay by the Defendants was either deliberately indifferent, intentional and/or grossly negligent, as all of the Defendants would have been aware of the serious medical need either upon injury or upon receipt and review of Dr. Greisman's report.

31. Plaintiff Williams was not transferred within the week to Dr. Greisman or any orthopedic specialist.

32. After failing to transfer Plaintiff Williams to Dr. Greisman, per his report,

Plaintiff Williams was not sent to a University of Oklahoma upper extremity specialist as Dr. Greisman recommended.

33. Defendants Hasenmyer, Woodfaulk and Smith instead, individually or in coordination with each other, further delayed Plaintiff Williams' care until December 21, 2020, when Mr. Williams was sent to an outside provider.

34. The outside provider, as anticipated by Dr. Greisman's report, indicated that surgery was too risky due to the extended delay.

35. The outside provider indicated in their December 21, 2020 report, that Plaintiff Williams' injury had an obvious "Popeye sign" which would have been observable by Defendant Hasenmyer and any other provider at the Jess Dunn facility. This obvious deformity would have been observable prior to him receiving his MRI on December 2, 2020 and would have indicated the severity of the serious medical need.

36. The outside provider indicated that Plaintiff Williams already had weakness and deformity in the arm.

37. After receiving this report, at no point did any of the Defendants attempt to coordinate or schedule Plaintiff Williams with the University of Oklahoma upper extremity specialist.

38. Due to the Defendants' individual and/or coordinated delay, Plaintiff has suffered permanent and life-changing injuries as a result.

## FIRST CAUSE OF ACTION

## DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE

Plaintiff hereby re-alleges and incorporates all previous allegations and statements and further alleges as follows:

39.     While incarcerated, Plaintiff Williams had a constitutional right under the Substantive Due Process Clause of the Eighth Amendment to the United States Constitution to have his basic human needs met, including the right to receive adequate medical care. Deliberate indifference to an inmate's serious medical need constitutes a violation of Plaintiff Williams' Fourteenth Amendment rights.

40.     Plaintiff Williams' constitutional right to receive adequate medical care was established prior to his injury and delaying care and a serious medical condition of a torn bicep tendon and resulting deformity and permanent injury was clearly established prior to the date of his injury as well.

41.     During all times mentioned herein, the individual Defendants acted under color and pretense of law, under color of the statues, ordinances, regulations, policies, processes, customs and usages of the state of Oklahoma. The individual Defendants herein deprived the Plaintiff of the rights, privileges and immunity secured to him by the Eighth Amendment to the United States Constitution. The Defendants' actions far surpassed "mere negligence," as the Defendants willfully denied Plaintiff Williams adequate medical care and were deliberately indifferent to his medical needs. Defendant Williams had objective and serious

medical needs and it was obvious that he required immediate and/or urgent medical attention. The Defendants either individually wrote this need for urgent attention in their own reports or reviewed it and disregarded the substantial risk of further delay after receiving and reviewing Dr. Greisman's report. The Defendants' acts and/or omissions are in response to Plaintiff Williams' medical needs were so grossly incompetent and inadequate as to shock the conscience.

42.     As a direct and proximate cause of the Defendants' individual and/or coordinated acts and/or omissions, as described herein, the Defendants, while acting under color of state law, deprived Plaintiff Williams of his federal constitutional right to receive adequate medical care, in violation of the Eighth Amendment, which is actionable under 42 U.S.C. § 1983.

43.     As a further direct and proximate result of Defendants' acts and/or omissions, as described herein, Plaintiff Williams suffered violations of his rights, privileges and immunities under the Constitution of the United States and suffered excruciating pain and suffering, which has resulted in damages in excess of Seventy-five Thousand Dollars ($75,000.00). Mr. Williams has additionally incurred expenses and personal pecuniary losses as a result of the medical condition caused by Defendants' actions. The Defendants, and each of them have, in regard to this matter, exhibited a willful and deliberate disregard for the rights and safety of Plaintiff Williams. Accordingly, Plaintiff is entitled to punitive damages against all of the individual and supervisory Defendants in an amount in excess of Seventy-

five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION

## CRUEL AND UNUSUAL PUNISHMENT

Plaintiff hereby re-alleges and incorporates previous allegations and statements and further alleges:

44.     Plaintiff Williams had a right under the Eighth Amendment of the United States Constitution to be free from any cruel and unusual punishment. The Defendants violated Mr. Williams right under the Eighth Amendment to be free from cruel and unusual punishment by their above described actions consisting of their deliberate indifference to a serious medical need and by subjecting him to conditions that caused him extreme pain and suffering and compounded his medical problems, which has resulted in loss of a fully functioning left arm.

45.     Plaintiff Williams' constitutional right to not be subjected to cruel and unusual punishment under the circumstances was clearly established prior to his injury.

46.     As a direct and proximate result of Defendants' acts and/or omissions, as described herein, the Defendants, herein above named, while acting under color of state law, deprived Plaintiff Williams of his federal constitutional right, in violation of the Eighth Amendment, 42 U.S.C. § 1983. As a further direct and proximate result of Defendants' acts and/or omissions, as described herein, Mr. Williams suffered violations of his rights, privileges and immunities under the Constitution of the United States and suffered

excruciating pain and suffering, all to his damage in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), including incurred expenses and loss of income damages.

47.   The Defendants, and each of them, have in regard to this matter exhibited a willful and deliberate disregard for the rights and safety of Plaintiff Williams. Accordingly, Plaintiff is entitled to punitive damages against all of the individual Defendants in an amount of Seventy-five Thousand Dollars ($75,000.00).

## DEMAND FOR JURY TRIAL

48.   Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

49.   Plaintiff reserves the right to plead further upon completion of discovery, to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, jointly and severally as follows:

A.   Defendants individually and in concert committed acts and omissions that constituted violations of the Eighth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983;

B.   Awarding judgment in favor of Plaintiff against the Defendants and each of them jointly and severally in an amount in excess of Seventy-five Thousand Dollars ($75,000.00) as for compensatory damages;

C.   Awarding judgment in favor of the Plaintiff against the Defendants and each

of them jointly and severally in an amount of Seventy-five Thousand Dollars ($75,000.00) and for punitive damages;

D. Awarding Plaintiff all applicable pre-judgment and post-judgment interest;

E. Awarding Plaintiff attorney fees and costs pursuant to 42 U.S.C. § 1983 and § 1988.

> Respectfully submitted,
> WALSH & FRANSEEN
>
> s/ Derek S. Franseen
> Derek S. Franseen, OBA No. 30557
> 200 E. 10th Street Plaza
> Edmond, OK 73034
> (405) 843-7600 - Telephone
> (405) 606-7050 - Facsimile
> dfranseen@walshlawok.com